134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas A. SNOOKS, Plaintiff-Appellant-Cross-Appellee,
v.
SRS TECHNOLOGIES; Systems Engineering Technology Associates
Corporation; Setac, Inc., Mohindar S. Sandhu,
Defendants-Appellees-Cross-Appellants.
 Nos. 95-56765, 96-55932.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 1, 1997.
Decided Jan. 28, 1998.
 
 1
 Before: SCHROEDER and KOZINSKI, Circuit Judges, and WHYTE,** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Plaintiff Thomas A. Snooks appeals and defendants SRS Technologies ("SRS") and Mohindar S. Sandhu cross-appeal the district court's judgment following a jury verdict in favor of Snooks in Snooks's action alleging that SRS engaged in securities fraud in violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and intentional misrepresentation and breach of contract in violation of California state law in connection with Snooks's sale of the stock of Snooks's company, SETAC, Inc., to SRS. The jury awarded Snooks $320,000 in damages against SRS and Sandhu on the securities fraud claim and $862,845 in damages against SRS on the breach of contract claim but found against Snooks on the state law intentional misrepresentation claim. The district court denied Snooks's request for prejudgment interest.
 
 
 4
 1. Inconsistency of Verdicts on Fraud Claims
 
 
 5
 Defendants contend that the district court abused its discretion in denying their motion for a new trial because the jury verdicts finding SRS liable on the federal securities fraud claim but not liable on Snooks's state law intentional misrepresentation claim were inconsistent. We agree that the verdicts on the two fraud claims are irreconcilable, as the record shows that the same six alleged misrepresentations form the basis of both counts and Snooks has not identified any meaningful difference between the elements of the two claims as they apply here.
 
 
 6
 Plaintiff cites Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153 (3d Cir.1989), in support of his argument that a verdict of liability for securities fraud is not inconsistent with a verdict of no liability for common law fraud. Although the court of appeals in Bradford-White affirmed a judgment for plaintiff on its securities fraud claim where the jury found against plaintiff on its common law fraud claim, the court did not review the judgment based upon an alleged inconsistency between the two theories. The issue reviewed was merely whether the jury's answers to special interrogatories on the securities fraud claim were consistent with each other. Id. at 1155, 1158. Therefore, we find Bradford-White inapposite. The verdicts on the securities fraud and common law fraud claims are vacated, and the case is remanded for further proceedings.
 
 2. Sufficiency of the Evidence
 
 7
 Defendants assert that the district court also abused its discretion by denying their motion for a new trial because the jury verdicts on the breach of contract and securities fraud claim are against the weight of the evidence. They also claim that the district court erred in denying their motion for judgment as a matter of law based upon insufficiency of the evidence. After reviewing the evidence, we do not find that the verdicts in plaintiff's favor are against the "great weight of the evidence" or that the jury reached a "seriously erroneous" result. See E.E.O.C. v. Pane Lift. Inc., 115 F.3d 676, 680 (9th Cir.1997); Venegas v. Wagner, 831 F.2d 1514, 1519 (9th Cir.1987).
 
 3. Pre-Judgment Interest[1]
 
 8
 Plaintiff appeals the district court's denial of his request for prejudgment interest. California Civil Code section 3287 provides in subsection (a) that a court must award prejudgment interest where the damages are certain. Under subsection (b), a court's award of prejudgment interest is discretionary where the damages are unliquidated at the time the right to such damages vested. See Cal. Civ.Code § 3287(b); Bear Creek Planning Comm. v. Title Ins. & Trust Co., 164 Cal.App.3d 1227, 1247 (1985). We agree with defendant that the evidence does not meet the requirements of subsection (a) and, therefore, we consider whether the district court abused its discretion under subsection (b).
 
 
 9
 Although plaintiff indicated at oral argument and in his briefs that plaintiff's request for prejudgment interest was denied because plaintiff had rejected an earlier $750,000 settlement offer, the district court's reasoning is not in the record before us. We determine, however, that the record reflects sufficient factors to support the discretionary denial of the request and, therefore, affirm the trial court's denial. Such factors include the reasons for pre-trial delay and the fact that defendant prevailed on many of plaintiff's original claims.
 
 
 10
 AFFIRMED IN PART; REVERSED IN PART AND REMANDED. The parties are to bear their own costs.
 
 
 
 **
 The Honorable Ronald M. Whyte, United States District Court for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Since the securities fraud verdict is being vacated and remanded, only the pre-judgment issue on the contract claim warrants review